UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE G. COLLINS, JR.,

    PETITIONER,                     CIVIL ACTION NO. 05-CV-74226

vs.                                      HON. GEORGE CARAM STEEH

STATE OF MICHIGAN[1]

    DEFENDANT.
_____/

ORDER GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND
DISMISSING PLAINTIFF'S COMPLAINT[2]

Plaintiff, Eddie G Collins, Jr., filed a pro se complaint with this court on November 3, 2005. In a confusing letter to the court he alleged that defendant, the State of Michigan through its Michigan Rehabilitation Services (MRS) program, ignored his right to due process when they closed his case and refused to transfer his records to their Macomb County office. Plaintiff requested that state employees be held in contempt for ignoring his due process rights. Plaintiff also sought an injunction, although the purpose of the injunction is unclear. Defendants filed a motion for summary judgment on December 16, 2005. For the reasons stated below, plaintiff's complaint is DISMISSED WITHOUT PREJUDICE and defendant's motion for summary judgment pursuant to

---

[1] In his complaint plaintiff does not name defendants in the case caption, he does name Michigan Rehabilitative Services (MRS) and Family Independence Agency (FIA) in the body of his complaint and obtained service on MRS. MRS and FIA are both named in the case caption of his response to the government's motion.

[2] The government requests summary judgment pursuant to Fed. R. Civ. Pro. 12(b)(1), (6), 12(e), and 56(b), the court notes these are grounds for dismissal of a complaint not summary judgment.

Fed. R. Civ. Pro. 12(b)(6) is GRANTED.  Because the court grants defendant's 12(b)(6) motion it is unnecessary to address defendant's 12(b)(1), 56(b) or 12(e) motions.

BACKGROUND

Plaintiff is an adult suffering from psychosocial and physical impairments, therefore, he finds obtaining and keeping a job difficult.  MRS operates pursuant to the Federal Rehabilitation Act of 1973[3], (the Act) through the Michigan Rehabilitation Act[4] to provide vocational services to disabled persons.  Defendant's brief submitted in support of defendant's motion for summary judgment demonstrates that in February of 1998, plaintiff approached MRS for assistance in finding a job. MRS evaluated him and deemed him eligible to receive services based on his mental and physical impairments. In May of 1998 plaintiff and his MRS counselor formulated an Individual Plan for Employment (IPE).[5] As part of the plan plaintiff recognized his responsibilities included but were not limited to: informing his counselor if he desired to quit the program or encountered any problems with completing the program, attending all scheduled meetings, and reporting changes of his address or telephone number. On October 24, 2005, defendant closed plaintiff's case file and ceased assisting him in his pursuit to find employment. Defendant asserts it closed plaintiff's file for failure to comply with the program, specifically for failing to keep scheduled appointments; stay on his medication; attend AA meetings; and communicate to his counselor the status of his job search.

---

[3] 29 U.S.C.A. § 722 *et seq.*

[4] Mich. Comp. Laws Ann. § 395.81 *et seq.*

[5] The IPE was done in accordance with the requirements of 29 U.S.C.A. § 722(b)(3). It is unclear to the court what plaintiff's ultimate employment goal was, however, it appears he was seeking a real estate license.

ANALYSIS

Plaintiff's complaint against MRS is governed by the Act[6] and the Michigan Rehabilitation Act.[7] As defendant notes, the Act requires each state to set up procedures for impartial hearings that clients can utilize if they are unhappy with any decision the agency makes.[8] The procedures are throughly described in 34 C.F.R §361.57 and apply when services are terminated [9]so long as notification of the appeal procedures are provided to the client. Defendant has been candid with both the court and the plaintiff in admitting that a closure letter was not immediately sent to plaintiff because plaintiff failed to notify his MRS counselor when he moved, therefore, the address MRS had for plaintiff was invalid. However, MRS was eventually able to locate plaintiff's current address and send him a closure letter. Defendant has provided the court with a copy of plaintiff's closure letter. The court notes that the letter does include a notification of his right to appeal the decision and the appropriate people to contact should he desire to appeal it.

As defendant notes, claims brought under the Act require exhaustion of administrative remedies before judicial involvement.[10] Exhausting administrative remedies allows state agencies to interpret the relevant statute and develop a factual

---

[6] 29 U.S.C.A. § 722 *et seq.*

[7] Mich. Comp. Laws Ann. § 395.81 *et seq.*

[8] 29 U.S.C.A. § 722(c)

[9] 34 CFR §361.57(b)(2)(iv)

[10] *Mickulicz v. Garthwaite,* 229 F.3d 1153, 2000 WL 1234326 at *1 (6th Cir.(Ohio))(Citing *Smith v. United States Postal Service,* 742 F.2d 257, 258-262 (6th Cir.1984).

record before judicial involvement.[11] In his response to the government's motion plaintiff asserts that he went to the MRS office after receiving the closure letter and was told if he did not leave the police would be called to remove him. The court notes that while the counselor's threats may have been unnecessary, appearing at the MRS office unannounced is not the proper procedure for appealing the decision. Plaintiff's letter directed him as to the proper toll free number to call to appeal the decision. Since plaintiff has not appealed the decision to close his case he has not exhausted his administrative remedies and this lawsuit is premature.

The court notes that defendant urges dismissal on these grounds pursuant to 12(b)(1), lack of subject matter jurisdiction, when the proper grounds are 12(b)(6), failure to state a claim upon which relief can be granted.[12]

## CONCLUSION

Because plaintiff has not exhausted his administrative remedies plaintiffs complaint it DISMISSED WITHOUT PREJUDICE and defendant's 12(b)(6) motion is GRANTED. The court DENIES defendant's request for attorney fees or costs.

IT IS SO ORDERED.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: February 8, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on February 8, 2006, by

---

[11] *See Hupka v. United States Dep't. Of Defense,* 134 F. Supp.2d 87, 876 (E.D. Mich. 2001).

[12] *Id.* at 877.

electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk
